IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Marcus Jacobi Croom, III, | ) | C/A No. 2:17-cv-00677-DCC |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **OPINION AND ORDER** |
| Nancy Berryhill, Acting Commissioner of Social Security, | ) | |
| Defendant. | ) | |

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his claim for Disability Insurance Benefits ("DIB"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial handling. On July 23, 2018, Magistrate Judge Mary Gordon Baker issued a Report and Recommendation ("Report"), recommending that the decision of the Commissioner be affirmed. ECF No. 18. On August 16, 2018, Plaintiff filed objections to the Report, and the Commissioner filed a reply on August 30, 2018. ECF Nos. 24, 25. For the reasons stated below, the Court adopts the Report and incorporates it herein by reference.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1).

1

The role of the federal judiciary in the administrative scheme established by the Social Security Act ("the Act") is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebreeze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

## **BACKGROUND**

Plaintiff applied for DIB on April 29, 2013, alleging that he had been disabled since February 22, 2013, due to, *inter alia*, osteoarthritis, carpal tunnel syndrome, high blood pressure, polyarthralgia, obesity, mononeuritis multiplex, and status-post left knee

arthroscopy.[1] Plaintiff's claims were denied initially and upon reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on March 24, 2015. The ALJ denied Plaintiff's claims in a decision issued on June 3, 2015. The Appeals Council denied Plaintiff's request for a review, making the determination of the ALJ the final decision of the Commissioner.

## DISCUSSION

The Magistrate Judge recommends that the Court affirm the Commissioner's decision because it is supported by substantial evidence and the proper legal standards were applied. Plaintiff objects to the Report, claiming that the Magistrate erred in finding that the ALJ's credibility finding is supported by substantial evidence and finding that the ALJ's evaluation of Plaintiff's treating physician's opinion is based on the appropriate legal framework and supported by substantial evidence. For the reasons detailed below, we deny Plaintiff's objections and adopt the Report's recommendations.

**I. Credibility**

Plaintiff first objects to the Report's finding that the ALJ's credibility analysis is supported by substantial evidence. The ALJ summarized Plaintiff's testimony at the hearing as follows:

> At his hearing, the claimant testified that he has an eighth-grade education. He has primarily worked as an electrician's helper. Asked about his primary complaint, the claimant stated that he cannot drive or walk secondary to diffuse arthritis and carpal tunnel syndrome. He also complained of hypertension. The claimant stated that he can only walk 40 feet at a time. He stated that he cannot use a cane for support due to arthritis in his elbow, and said that he has been considering using a wheelchair, although this is not indicated or suggested by the medical evidence of record. The claimant

---

[1] The ALJ determined that Plaintiff had the following severe impairments: osteoarthritis, polyarthralgia, obesity, carpal tunnel syndrome, mononeuritis multiplex, and status-post left knee arthroscopy. R. 18.

3

> stated that he would not be able to perform sedentary work because he alleges that his left arm is nearly useless. The undersigned notes, that, on consultative examination, the claimant reported no problem with sitting and that he has only slightly reduced strength in his left arm. The claimant alleges that he cannot zip his pants, tie his shoes, or pick up his grandchildren. He lives with his wife and stated that his children and grandchildren visit often to help him with his needs. According to the claimant, his pain and arthritis prevent him from sleeping more than about four hours per night. He stated that he has no pain medication because he cannot afford to go to the doctor.
>
> Regarding his activities of daily living, the claimant stated that he does nothing and performs no household chores. The claimant's wife work (sic) and he stated that, when she is gone, his son or daughter-in-law helps him. On a typical day, the claimant stated that he reads and visits with his grandchildren. He stated that his pain level is 7/10 with medication and 10/10 without. He has difficulty climbing stairs and just had a ramp installed at his house. Mentally, the claimant stated that his pain and depression have affected his relationship with is (sic) family. He alleged that memory problems would prevent him from performing a desk job requiring him to talk to people, although the undersigned notes that the claimant had no evidence of memory problems at his hearing.

R. 21. In his order, the ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely credible . . . ." R. 21. In so finding, the ALJ primarily relied on an adult function report completed by the claimant in 2013. *Id.* The Magistrate Judge reviewed the medical evidence and adult function report in detail and recommended finding that the ALJ's decision is supported by substantial evidence. Plaintiff objects, contending "[i]n the ALJ's zeal to ferret out supposed inconsistencies in the evidence, no matter how small, he overreached himself." ECF NO. 24 at 1.

The Social Security Regulation in effect during the case, SSR 96-7p, directs the ALJ to "consider the entire case record and give specific reasons for the weight given to

the individual's statements." 1996 WL 374186, at *4.[2] The ALJ's discussion of Plaintiff's credibility is thorough, accurate, and appropriate under the relevant regulation. The ALJ properly considered Plaintiff's adult function report and the medical evidence in the case in determining that Plaintiff's subjective complaints were not entirely credible. Accordingly, the Court denies Plaintiff's objection and affirms the ALJ's findings under the substantial evidence standard of review.

## II. Opinion Evidence

Plaintiff also objects to the Report's finding that the ALJ's evaluation of the opinion of one of Plaintiff's treating physicians is legally correct and supported by substantial evidence. The opinion at issue is that of Plaintiff's primary care physician, Dr. Suzann H. Weathers. On May 12, 2014, Dr. Weathers wrote a letter, which stated:

> [Plaintiff] has been treated by our office for years for joint pain that has made it difficult for him to perform tasks required to work. He has attempted numerous medications to alleviate his symptoms to be able to hold employment withoug (sic) success. Ambulating, prolonging standing, climbing ladders, lifting, crawling, and using machinery are all tasks that he is unable to perform at this time. It is uncertain how long the symptoms will persist or how long he will require treatment. I predict this will be a long-term problem for him without a cure.

R. 384. In evaluating this opinion, the ALJ stated:

> Dr. Suzann Weathers, the claimant's primary care physician, submitted a letter in May 2014 stating her office has treated the claimant for long-term joint pain that has made it difficult for him to perform work-related tasks such as standing, climbing ladders, lifting, crawling, and using machinery. The undersigned has given this assessment little weight, as it is unsupported by the claimant's relatively benign clinical findings and the remainder of the medical evidence of record. May and June 2014 office visit notes indicate

---

[2] Plaintiff relies on the new regulation, SSR 16-3p, which did not go into effect until March 28, 2016, in his objections, summarily contending "it is generally accepted that this ruling does not substantially differ from the ruling it supersedes, 96-7p." ECF No. 24 at 2 n.1.

5

>that the claimant's back pain is stable and he was not noted to have any musculoskeletal abnormalities.

R. 23 (internal citations omitted).

The Magistrate Judge examined the relevant medical evidence and recommended affirming the ALJ's decision, noting "[c]ertainly Plaintiff suffered from several impairments, including osteoarthritis, polyarthralgia, and carpal tunnel syndrome. However, on the facts of this case, the ALJ was not required to assign controlling weight to Dr. Weathers' opinion, and contrary to Plaintiff's assertions, the ALJ gave good reasons for giving Dr. Weathers' opinion little weight." ECF No. 18 at 15 (internal quotation marks omitted) (citation omitted). Plaintiff objects to the Magistrate Judge's recommendation, contending that the ALJ failed to consider the relevant factors which are to be used in weighing the opinion of a treating physician. ECF No. 24 at 4.

Under the regulations of the Social Security Administration,[3] the Commissioner is obligated to consider all medical evidence presented, including the opinions of medical sources. 20 C.F.R. § 1527(c). The regulations require ALJs to "give more weight to medical opinions from [a plaintiff's] treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a plaintiff's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief

---

[3] As the Magistrate Judge correctly notes, numerous social security regulations and rulings have changed effective March 27, 2017. However, these changes only apply to claims filed on or after March 27, 2017. Therefore, all references in this Order are to the prior versions of the regulations that were in effect at the time Plaintiff's application was filed, unless otherwise specified.

hospitalizations." *Id.* § 416.1527(c)(2). If the ALJ "find[s] that a treating source's medical opinion on the issue(s) of the nature and severity of [a plaintiff's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [a plaintiff's] case record, [the ALJ] will give it controlling weight." *Id.* When, however, the ALJ does not give a treating physician's opinion controlling weight, the ALJ must consider a number of factors including: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the supportability of the physician's opinion; (4) the consistency of the opinion with the medical records; (5) whether the physician is a specialist; and (6) any other relevant factors. *Id.* § 416.927(c).

Here, Plaintiff disputes the ALJ's interpretation of Plaintiff's treatment notes from April and May 2014, which indicate that Plaintiff's pain is stable. Specifically, Plaintiff states, "[t]he reference to [Plaintiff's] back pain and arthritis as "stable" does not mean that his symptoms from these conditions had improved or abated. It simply means they had not changed significantly from one visit to the next." ECF No. 24 at 4. Plaintiff states that his May 2014 medical record notes severe joint pain all over the body of a constant duration. R. 388. Plaintiff's June 2014 medical record notes similar pain. R. 386. While this may be true, the findings in these two treatment notes are incongruent with the very limiting opinion that Dr. Weathers offered and the other medical evidence in the case.

For example, Dr. Adebola Rojugbokan performed a consultative examination in October 2013. R. 22, 361. Plaintiff complained of arthritis of the knee, elbow, and hands, as well as carpal tunnel syndrome. *Id.* However, Plaintiff stated he could lift/carry ten pounds and walk fifty yards. *Id.* Dr. Rojugbokan noted weakened grip strength, but found

7

this "to be due to lack of effort." *Id.* at 365. In April 2014, Dr. Harriett Steinert performed a consultative examination. *Id.* at 379. Dr. Steinert found Plaintiff was not in acute distress and was able to walk into the exam room without an assistive device and was able to get on and off the examination table without any assistance. *Id.* at 380. Dr. Steinert also found that Plaintiff had "full range of motion of all joints in [his] four extremities except that he cannot supinate his forearms more than 50 degrees." *Id.* at 381.

While the Court acknowledges that Plaintiff is certainly in pain, the Court agrees with the Magistrate Judge that the ALJ applied the appropriate legal standard and that the ALJ's decision is supported by substantial evidence. *See Dunn v. Colvin*, 607 F. App'x 264, 271 (4th Cir. 2015) (noting the court "must defer to the ALJ's assignments of weight unless they are not supported by substantial evidence" and affirming the ALJ's decision to accord limited weight to a treating physician's opinion where "there is more than a 'scintilla of evidence' in the record supporting the ALJ's conclusion that [the treating physician's] opinion is incongruent with both his own treatment notes and some of the other medical evidence in the record."). Accordingly, the Court affirms the ALJ's analysis of Dr. Weathers' opinion evidence under the substantial evidence standard of review.

## CONCLUSION

For the reasons set forth above, the Court **ADOPTS** the Report and **AFFIRMS** the decision of the Commissioner.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>United States District Judge

September 14, 2018
Spartanburg, South Carolina